# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| UNITED STATES OF AMERICA | : | Case No. 1:21-cr-75 |
|---|---|---|
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| MASHI COLVIN, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Sentence Reduction (Doc. 47). The Government filed a Response in Opposition (Doc. 48). Defendant did not file a reply, and the time to do so has passed. Thus, the matter is ripe for review. For the following reasons, Defendant's Motion for Sentence Reduction (Doc. 47) is **DENIED**.

## BACKGROUND

On June 23, 2021, Defendant was charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Indictment, Doc. 1.) Defendant pled guilty on February 15, 2023, and, on October 25, 2023, was sentenced to a term of imprisonment of 36 months. (Plea Agreement, Doc. 28; Judgment, Doc. 40.) On May 2, 2024, Defendant moved to vacate his conviction on the grounds that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment. (Motion, Doc. 44, Pg. ID 206.) The Court denied this Motion. (Order, Doc. 49.) Defendant now moves for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).

## LAW & ANALYSIS

Defendant requests that his sentence be reduced under 18 U.S.C. § 3582(c)(1)(A). (Motion, Doc. 47.) As grounds for his request, Defendant argues that the United States Sentencing Guidelines' ("Guidelines") amendments to its age policy statement, U.S.S.G. § 5H1.1 and to U.S.S.G. § 2K2.1(b)(4)(B) warrant a reduction in his guideline range and thus his imposed sentence (*Id.* at Pg. ID 285.) In its Response, the Government addresses both procedural and merits-based deficiencies in Defendant's argument. (Response, Doc. 48.) On procedural grounds, the Government argues that Defendant's Motion must fail because a retroactive guideline amendment does not apply to Defendant. (*Id.* at Pg. ID 293-94.) As for the merits, the Government points out if the Guidelines were retroactive, the amendments would have no impact on Defendant's sentence calculation. (*Id.* at Pg. ID 294.)

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(2), which provides for reductions when sentencing ranges have later been lowered, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10 of the Guidelines identifies which amendments may be applied retroactively, as well as the proper procedure for implementing the amendments. The Government cites to *Dillon v. United States,* 560 U.S. 817 (2010), in which the Supreme Court addressed the process of applying retroactive guideline amendments. (Response, Doc. 48, Pg. ID 292.) The Court held that "any reduction must be consistent with applicable policy statements issued by the Sentencing Commission," and provided a two-step approach for district courts. *Dillon,* 560 U.S. at 821. That two-step approach includes

2

first to determine the prisoner's eligibility for a sentence modification under § 1B1.10, and then to consider applicable § 3553(a) factors to see if a reduction is warranted. *Id.* at 827.

The Government contends that the amendments Defendant cites are not retroactive under U.S.S.G § 1B1.10. (Response, Doc. 48, Pg. ID 293.) Subsection 1B1.10(a)(2)(A) states that a reduction is not authorized if "none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). As the Government points out, the amendments in subsection (d) are in fact not applicable to Defendant. (*Id.*; *see also* U.S.S.G. § 1B1.10(d). Of the amendments added since Defendant's sentencing, only two are included in subsection (d): (1) amendments to criminal history guidelines for offenses committed while under a criminal justice sentence; and (2) amendments that apply to zero-point offenders. U.S.S.G. § 1B1.10(d).

The Court agrees with the Government's analysis. The Guidelines delineate the amendments which may be applied retroactively. Yet, the amendments to U.S.S.G. § 5H1.1 and to U.S.S.G. § 2K2.1(b)(4)(B), those on which Defendant relies in seeking his sentence reduction, are not listed under U.S.S.G. § 1B1.10(d). Therefore, these amendments, which cannot be applied retroactively, have no bearing on Defendant's current sentence. *See Dillon*, 560 U.S. at 827. Since Defendant is not entitled to relief on these grounds, the Court will not address the Government's additional arguments for denying the Motion.

For the foregoing reasons, Defendant's Motion for Sentence Reduction (Doc. 47) is **DENIED.**

**IT IS SO ORDERED.**

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND